39296.   LYDICK v. NAPIER *et al.*

DECIDED APRIL 5, 1962—REHEARING DENIED APRIL 26, 1962.

*Guy B. Scott, Jr.,* for plaintiff in error.

*Hamilton Napier, Nicholas P. Chilivis,* contra.

CARLISLE, Presiding Judge. ■ In the bill of exceptions transmitted to this court only Napier is named as defendant in error and he has made a motion to dismiss the writ of error in this court on the ground, among others, that an essential party has not been named as defendant in error and served with a copy of the bill of exceptions. Under the facts outlined above, it is clear that Co-Op Cab Co., the defendant in the main suit, has a substantial interest in upholding the judgment of the trial court and is, therefore, a necessary party in this court.

In this suit the recovery sought is based on simple negligence of the defendant and the prayer merely seeks to recover the actual damages to the plaintiff's automobile. On the other hand, the copy of the suit in the city court which is attached as an exhibit to the stipulation shows that a somewhat larger sum is being sought as actual damages and that, in addition, plaintiff claims the right to recover exemplary damages. Napier became a party to the case in the lower court when he was served with Lydick's motion and the judge's order requiring him to show cause why the prayers of that motion should not be granted, and, having thus become a party to the case in the lower court, he does have such an interest in upholding the judgment as makes him a proper party and we have, therefore, made Co-Op Cab Co. a party defendant in error under the provisions of *Code* § 6-1202 as amended. The motion to dismiss the writ of error is, therefore, denied.

■ The loan receipt signed by Lydick in this case is identical in wording with the loan receipt in *Lowance v. Dempsey*, 99 Ga. App. 592 (109 SE2d 318). In that case, it was held in effect that the attorney for the insurance company was not authorized to bring a suit on behalf of the insured solely on the authority of such a loan receipt. In fact, the loan receipt does not in any sense purport to convey authority to the insurance company to bring suit on behalf of the insured against the parties responsible, but obligates the insured to bring the suit himself. In that case, it was held that the record demanded the finding of the superior court that the attorney acting for the insurance company in bringing suit in the name of the insured was without authority and that the plaintiff should be relieved of the consequences of his actions. The motion in this case was a direct attack on the authority of the attorney who purported to represent Lydick and was clearly brought under the terms of *Code* § 9-603. Under the facts appearing in the record in this case, the trial court erred in denying Lydick's motion.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*