# Richmond

RESERVE INSURANCE COMPANY v. WINFRED A. ODHAM, ADM'R, ETC.

June 11, 1962.

Record No. 5410.

Present, All the Justices.

*Aubrey R. Bowles, Jr.,* and *H. Armistead Boyd (W. W. Wharton; Bowles, Boyd & Herod; Wharton, Aldhizer & Weaver,* on brief), for the plaintiff in error.

*William F. Watkins, Jr. (William R. Blandford; Leslie L. Mason, Jr.,* on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

■ Winfred A. Odham, Administrator of the Estate of Judith Ann Odham, hereinafter called plaintiff, instituted an action against Reserve Insurance Company of Chicago, Illinois, hereinafter called defendant, to recover a judgment for $15,000 plus interest and costs. The motion for judgment averred that plaintiff had secured a judgment for that amount against Malcolm Ray Morris, Elwood Herring and Peggy B. Johnson because of their negligence in the operation of a taxicab in which plaintiff's decedent was killed while riding as a pay passenger on May 11, 1958; that at the time of the accident there was in force and effect an automobile liability policy, numbered AC9021264 [AC90212643], on vehicles owned or operated by Morris, and a similar policy numbered AC90213071, on vehicles owned or operated by Peggy Johnson which policies were issued by defendant; that the automobile in which plaintiff's decedent met her death was owned by Peggy Johnson and was being used by Morris in his taxicab business, and that defendant was liable to plaintiff for the amount of the judgment because the negligent parties against whom the judgment was obtained were covered by the provisions of the policies issued to Morris and Peggy Johnson.

All matters of law and fact were submitted to the trial court without the intervention of a jury, and it concluded that defendant was liable to plaintiff on both policies of insurance. The defendant admitted liability under the Johnson policy, which provided coverage of $10,000 for one injury or death, and paid plaintiff that sum with interest and costs, but it denied any liability under the Morris policy. The court, by its order of April 4, 1961, entered judgment for the balance of $5,000 against defendant on the ground that the endorsement in the certificate of insurance filed on the Morris policy covering his vehicles extended that policy to cover the Johnson taxicab for

the amount in excess of the limits of the Johnson policy. We granted defendant a writ of error.

Malcolm Ray Morris owned and operated a taxicab business, known as "Elkton Cab Co." in Elkton, Virginia. His fleet consisted of four taxicabs which he regularly used in the conduct of his business. Whenever his business required it, he operated another cab owned by Peggy Johnson, who also used it for "employee hauling" to and from the place of her employment. The cabs, including that of Peggy Johnson, bore the name of the taxi company. At the time of the fatal accident, the Johnson taxicab was being driven by Elwood Herring as Morris' agent.

All of the taxicabs were insured by the defendant, Reserve Insurance Company. Three of Morris' vehicles were designated as the insured cars in one policy, No. AC90212643, and his other vehicle was identified as the insured automobile in a separate policy issued to him. The Johnson vehicle was insured by a separate policy, No. AC90213071, issued to her. The policies provided that the company's limit of liability was $10,000 for one injury or death, and $20,000 for each accident, and $5,000 for property damage. Both Morris and Peggy Johnson filed with the State Corporation Commission certificates of insurance, issued by defendant, in accordance with §§ 56-299 and 56-300, 1959 Replacement Vol. 8, Code 1950, and they were issued permits to operate their taxicabs.

In the Morris certificate of insurance the company certified that it had issued its policy No. AC90212643 to Morris as a public livery "as required by virtue of Chapter 12, Title 56, Code of Virginia, which policy, by this endorsement, is amended to conform to the following terms and conditions:

"1. The policy of insurance for which this certificate is issued is extended to cover any motor vehicle owned or operated by the named insured in the transportation of passengers or property for compensation whether or not such motor vehicle is specifically named, numbered, or designated in the policy *when such insurance is required as above.*" (Italics supplied.)

The certificate also contained the following provision:

"If by virtue of any requirement of this endorsement and for the filing of this certificate the company should pay any loss under this policy which has resulted directly or indirectly from the violation of any terms or policy conditions, the insured, at whose request this endorsement is issued and/or certificate filed, agrees to reimburse the company to the full extent of such loss."

The primary question presented for our consideration by defendant's assignments of error is: "Did the certificate of insurance filed on the Morris policy with the State Corporation Commission extend the coverage of that policy to the operation of the Johnson taxicab?"

The precise question is one of first impression for us. We have not been cited to a case from any other jurisdiction directly in point, nor have we found one.

Section 56-299, which requires the filing of an insurance policy or bond, or certificate of insurance in lieu thereof, before a certificate or permit shall be issued by the Commission, reads:

"No certificate or permit shall be issued by the Commission to any motor carrier until and after such motor carrier shall have filed with, and the same has been approved by, the Commission, an insurance policy or bond, or certificate of insurance in lieu thereof, certifying that such policy or bond covers the liability of such motor carrier in accordance with the provisions of this article, issued by some insurance company or association or other insurer authorized to transact business in this State, * * *."

Section 56-300 provides:

"Each holder of a certificate or permit issued by the Commission shall keep in force at all times insurance, bond or bonds, in an amount required by the Commission; * * *."

The record shows that at the time of the accident here involved the minimum amount of such insurance, bond or bonds required by the Commission for taxicabs was $10,000 for one injury or death, $20,000 for two or more injuries or deaths in each accident, and $5,000 property damage. Thus, the separate policies issued by defendant to Morris and Peggy Johnson each met the requirements of the Commission.

Prior to the amendment of § 56-299, *supra*, (formerly § 4097y (12)-(a), Code 1942) in 1948, the filing of a certificate of insurance in lieu of an insurance policy or bond was not permitted. The purpose of the statute is to provide for the protection of passengers of common carriers. *Worrell* v. *Worrell*, 174 Va. 11, 26, 4 S. E. 2d 343. The wording of the certificate is prescribed by the Commission and not by statute itself.

The phrase "when such insurance is required as above", contained in the certificate of insurance filed with the Commission, are words of limitation, which refer specifically to Chapter 12, Title 56 of the Code, and relate to §§ 56-299 and 56-300, *supra*, which require insurance coverage or bond and provide for setting the amount thereof. When

Peggy Johnson secured the required insurance on her taxicab, which was alone involved in the accident, the extension of coverage to Morris' policy for any excess was not "required as above." The General Assembly did not intend by enacting § 56-299, and the Commission did not intend by prescribing the endorsement in the certificate of insurance, to provide multiple insurance. The purpose of the statutes was to require that every taxicab be covered by insurance or bond, unless the operator is a self-insurer under § 56-299.1. If the Johnson taxicab used by Morris had not been insured as required, then the Morris policy would have provided coverage on it for $10,000 for one injury or death. Likewise, if the Johnson vehicle had been insured for only $5,000, then the Morris policy would have covered the balance of $5,000.

To hold that the Morris policy covered the excess of $5,000 on the $15,000 judgment obtained would mean that had plaintiff's judgment been in excess of $20,000, he could claim coverage on the other policy issued by the company on one of Morris' taxicabs, thus making the coverage for the Johnson taxicab $30,000. Moreover, if Morris had secured four separate policies on his four taxicabs, each in the sum of $10,000, there would be available $50,000 in insurance for the Johnson vehicle instead of the $10,000 required. Clearly such coverage was not intended or provided for. We hold that the certificate of insurance filed on the Morris policy in question with the State Corporation Commission did not extend the coverage of that policy to the operation of the Johnson taxicab.

In view of the above finding, we do not consider it necessary to discuss the other question raised by defendant, which challenges the correctness of the court's ruling in excluding certain testimony of William C. Seibert.

■ Plaintiff timely filed four assignments of cross-error. He failed to designate them for printing in the record within twenty days after the appeal was allowed in accordance with Rule 5:1, §§ 6(a) and 6(d), Rules of Court. However, such designation was thereafter filed and the assignments of cross-error were printed as a part of the record without objection, but with the right reserved to defendant to object to their consideration by us. Defendant later filed a motion to dismiss plaintiff's cross-appeal because of his failure to comply with the above rule. Under the facts in this case, the failure of plaintiff timely to designate for printing his assignments of cross-error is not sufficient ground for dismissing the cross-appeal, and the motion to dismiss is overruled. *Vick* v. *Siegel*, 191 Va. 731, 736, 737, 62 S. E. 2d 899.

■ Here, plaintiff relies on two of his assignments of cross-error, both of which are based upon the principle of estoppel. The first assignment reads:

"The Trial Court erred in over-ruling the plaintiff's claim that the defendant, Reserve Insurance Company, was estopped from denying liability to the plaintiff, since the defendant, Reserve Insurance Company, entered into and defended the suit against Malcolm Ray Morris without giving notice of its reservation of rights, and/or without securing a legal and timely waiver of such action in such defense."

We agree with the trial court's holding that the plaintiff "failed to make out any case of estoppel." Defendant had issued its liability policy of insurance to Peggy Johnson, whose vehicle described therein was involved in the accident. The policy contained an omnibus clause, which extended coverage to Morris and Herring. Plaintiff instituted his tort action against Peggy Johnson, Morris and Herring, and Reserve Insurance Company was obligated to defend these persons who were covered by the Johnson policy. The fact that the insurance company defended Morris under that policy was no admission that it was obligated under the policy issued to him, and such action did not estop the company from denying liability to plaintiff under the Morris policy. Having adopted this view we consider it immaterial whether or not the alleged untimely "notice and acknowledgment of non-waiver of rights" executed by Morris on the day before trial was ineffectual.

In the other assignment of cross-error, plaintiff contends defendant was estopped to deny coverage under the Morris policy because of certain representations made by its agent. Suffice it to say we find no merit in this contention.

For the reasons stated, the judgment appealed from is reversed and final judgment is here entered for the defendant.

*Reversed and final judgment.*