# Richmond

BERNARD H. BRYANT, JR. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

March 8, 1965.

Record No. 5879.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Paul Whitehead,* for the plaintiff in error.

*Henry M. Sackett, Jr. (Williams, Robertson & Sackett,* on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The question for decision in this case is whether the appellant,

Bernard H. Bryant, Jr., an insured under two separate bodily injury liability insurance policies issued by the appellee, State Farm Mutual Automobile Insurance Company, may recover on both policies pursuant to the uninsured motorist statute, § 38.1-381 of the Code, 1964 Cum. Supp.

On April 20, 1959, Bryant, Jr., was driving on a highway in Amherst county a 1958 Ford truck owned by his father, Bryant, Sr., when he was struck and injured by an uninsured motor vehicle being driven by Whithorn. He brought suit in Amherst county against the driver and owner of the vehicle and on February 6, 1961, recovered a judgment against them for $85,000. At the time of the accident Bryant, Jr., was an insured under the terms of a bodily injury liability insurance policy issued by State Farm to his father, Bryant, Sr., which covered Bryant, Sr., "and any other person while occupying the insured motor vehicle;" and he, Bryant, Jr., was also the named insured in a bodily injury liability policy issued to him by State Farm, and in his suit against Whithorn and others he served a copy of process on State Farm. Each policy had a limit of $10,000 for each person injured.

State Farm acknowledged liability on its policy issued to Bryant, Sr., and paid to Bryant, Jr., $10,059 on his $85,000 judgment in settlement of all claims of Bryant, Jr., under the Bryant, Sr., policy.

The present action was brought by Bryant, Jr., to recover on the policy issued to him by State Farm, to which the latter filed a plea asserting that there was no liability upon it under its policy issued to Bryant, Jr., because that policy provided in Part 4, Section Six, as follows:

"* * With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of all such other insurance. * *"

The case was submitted to the court on a stipulation of facts, in substance as stated above, including the fact that when the plaintiff, Bryant, Jr., was injured he was occupying and driving the 1958 Ford truck which was not owned by him. On the pleadings and stipulation of facts the court below sustained State Farm's plea and dismissed plaintiff's action, and plaintiff appeals. The controlling question is

whether the limitation of liability in the policy issued to Bryant, Jr., as quoted above, is valid and effective under the terms of said § 38.1-381 of the Code.

Paragraph (a) of that section provides, *inter alia,* that no policy of bodily injury liability insurance shall be issued or delivered in this State to the owner of a motor vehicle unless it contains a provision insuring the named insured and other described persons against liability for death or injury caused by negligence in the operation of such vehicle.

Paragraph (b) of said § 38.1-381 provides:

"Nor shall any such policy or contract relating to ownership, maintenance or use of a motor vehicle be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1-1 (8), as amended from time to time, of the Code herein. * *"

Section 46.1-1 (8) at the time of this accident provided that the minimum amount of such insurance must be $10,000 for one person in one accident and $20,000 for two or more persons in one accident.

In *State Farm Mutual Automobile Ins. Co. v. Duncan,* 203 Va. 440, 125 S.E.2d 154, the insured argued that he had a right to rely on the terms of the policy as written, and since it made no mention of serving process on the insurance company the company could not rely on failure to serve process on it as required by § 38.1-381 (e) (1); but we held that the statutory provision was as much a part of the policy as if incorporated therein. We had said so in the previous cases there cited.

In *John Doe v. Brown,* 203 Va. 508, 125 S.E.2d 159, we said that the insurance company had issued its policy in accordance with § 38.1-381 (b) and by accepting the risk it received an additional premium from the named insured and became entitled to share in the uninsured motorist fund according to § 12-66 of the Code, and to allow it to escape liability on the ground asserted by it that the statute was unconstitutional would allow it to escape a risk which it had accepted and to become unjustly enriched.

We pointed out in that case that the endorsement on the policy, which had been approved by the State Corporation Commission, required that before there could be recovery against the insurance company there must be physical contact between the vehicles in-

volved, and that notice of the accident must be given within thirty days to the insurance company; but, we said, the right of the plaintiff to bring his action to establish legal liability on the uninsured motorist was not given by the endorsement but by the statute, § 38.1-381 (e); that the statute was silent on the requirement of contact and notice to the insurance company, and hence it was not necessary to allege contact and notice in the motion for judgment.

*Mangus* v. *John Doe*, 203 Va. 518, 125 S.E.2d 166, was an action by Mangus to recover damages inflicted by an unknown and hence uninsured motorist. On motion of the insurance company the trial court dismissed the action for failure of the plaintiff to exercise diligence in ascertaining the identity of the tort-feasor. We reversed because § 38.1-381 (c) provides that a motor vehicle is uninured if the owner or operator is unknown, and we said that this provision "is as much a part of the policy as if it were clearly written therein. * * There is no limitation in the statute on the commonly accepted meaning of the word 'unknown.' For us to say that an insured had the duty to exercise due diligence to ascertain the identity of an unknown motorist would be reading into the statute language which does not there appear." 203 Va. at 520, 125 S.E.2d at 168.

In *Hodgson* v. *John Doe*, 203 Va. 938, 128 S.E.2d 444, in which it was contended that the uninsured motorist law did not apply to accidents occurring outside of Virginia, we said:

"The endorsement required by § 38.1-381 (b) on a plaintiff's insurance policy has no territorial limitation, but binds the insurance company to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. * * To limit the coverage of the endorsement to accidents happening in Virginia would be to create a limitation which the statute does not contain. * *" 203 Va. at 942, 128 S.E.2d at 447.

In *Storm* v. *Nationwide Ins. Co.*, 199 Va. 130, 135, 97 S.E.2d 759, 762, we held that the uninsured motorist law was enacted for the benefit of injured persons and "it is to be liberally construed so that the purpose intended may be accomplished."

These cases all established that the controlling instrument is the statute and that provisions in the insurance policy that conflict with the requirements of the statute, either by adding to or taking from its requirements, are void and ineffective. The decisions in *Reserve Insurance Co.* v. *Odham*, 203 Va. 590, 125 S.E.2d 874, and *Drewry* v. *State Farm Mutual*, 204 Va. 231, 129 S.E.2d 681, cited

by the appellee, do not depart from this established principle. The distinguishing features of those cases clearly appear in the opinions.

In *Odham* the Johnson cab which inflicted the injuries had all the insurance required by the statute there involved and by the certificate of the Corporation Commission, and it was not the purpose of either to provide multiple insurance.

In *Drewry*, in which three persons were injured by two vehicles in one accident, we held that the one policy of insurance on the automobile in which the three were riding did not afford coverage for each of the three to the extent of the policy limits. It was not the purpose of the uninsured motorist law, we pointed out, to provide coverage for the uninsured vehicle, but to afford the insured additional coverage.

Section 38.1-381 (b) of the Code, quoted above, commands that *no policy* of bodily injury liability insurance shall be issued or delivered unless it undertakes to pay the insured "all sums" he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within the limits of the policy. That is plain language. It means that every such policy shall so undertake. There is no limitation or qualification of this language anywhere in the statute, nothing at all to indicate that it does not mean what it says.

But Part 4, Section Six, of the insurance policy issued by State Farm to Bryant, Jr., undertakes to limit and qualify the provision of the statute. It undertakes to pay the insured not "all the sums which he shall be legally entitled to recover as damages," as the statute commands, but only such sum as exceeds "any other similar insurance available" to him; *i.e.*, the amount by which the applicable limit of the policy "exceeds the sum of the applicable limits of all such other insurance." Clearly this provision places a limitation upon the requirement of the statute and conflicts with the plain terms of the statute. It is therefore illegal and of no effect.

The limit of the recovery of the plaintiff under any or all insurance policies carrying the uninsured motorist provision required by § 38.1-381 (b) would be the amount of the insured's judgment against the uninsured motorist. Here the plaintiff has a judgment for $85,000 upon which he has collected $10,059 from State Farm, in full of the policy issued to his father. He still holds a policy issued to him by State Farm into which the statute puts a provision requiring it to pay him "all sums" which he is entitled to recover from the owner or operator of the uninsured motor vehicle. The sum he is entitled to

recover under that requirement is the unpaid part of his judgment within the limit of the policy. To say that he is not entitled to recover anything under this policy because his father had a policy under which he has received part of the sum he is entitled to recover from the uninsured motorist is to amend the statute, not construe it.

A different conclusion was reached in the case of *Travelers Indemnity Co. of Hartford, Conn.* v. *Wells*, 4 Cir., 316 F.2d 770. There the Smiths and the Wells were injured in a collision with an uninsured motor vehicle. The Smiths had a liability policy in Fidelity and Casualty Company of New York, which also covered the Wells, and the Wells had a policy in Travelers. The Smiths obtained judgments against the uninsured motorist for $30,000, which was the maximum of their insurance, and Fidelity paid them that amount. But it was held that "no uninsured protection whatsoever was due from Travelers to the Wells. It was explicitly excluded by the Other Insurance condition. * * [U]nder the Other Insurance condition Travelers never became answerable to the Wells to any extent. Their sole insurance was the Fidelity and Casualty policy. Its absorption by the claims of others did not generate a right in the Wells to resort to Travelers' policy." 316 F.2d at 772-3.

We cannot agree with that holding. Aside from the Smith insurance not being "available" to the Wells after the Smiths had taken it all, we are of opinion, as stated above, that the Other Insurance provision of the Bryant, Jr., policy is invalid because in conflict with the requirement of § 38.1-381 (b) of the Code.

The order appealed from is reversed and judgment is granted to the plaintiff against the defendant for $10,000 with interest from February 6, 1961.

*Reversed and final judgment.*