I am authorized to state that Judges Pannell and Deen concur in this dissent.

### 42815. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. BARNARD.

ARGUED MAY 3, 1967—DECIDED MAY 22, 1967— REHEARING DENIED JUNE 12, 1967—

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, A. Martin Kent,* for appellant.

*Usher & Haupt, Jack H. Usher,* for appellee.

HALL, Judge. Before the trial court on the summary judgment hearing was evidence that the plaintiff before obtaining judgment against the uninsured motorist had executed a loan receipt to her collision insurer in the amount of $1,108.50 as a loan and repayable only to the extent of any net recovery she might make from any person or corporation on account of loss to her property resulting from the collision.

Georgia's Uninsured Motorist Act provides that "No automo-

bile liability policy . . . shall be issued or delivered . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." *Code Ann.* § 56-407.1. The endorsement on the plaintiff's policy providing uninsured automobile coverage obligated the insurer to pay "all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of . . . bodily injury . . . or injury to or destruction of property," with the exclusion, "This endorsement does not apply: . . . so as to inure directly or indirectly to the benefit of any insurer of property." This exclusion cannot circumvent the clear mandate of the Act by withholding the protection required. As stated in Sellers v. United States Fidelity &c. Co. (Fla.) 185 S2d 689, 690, "There appears no latitude in the [uninsured motorist statute] for an insurer limiting its liability through 'other insurance'; 'excess-escape' or 'pro rata' clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are contained in Condition 5 must be judicially rejected." See also Bryant v. State Farm Mut. Auto. Ins. Co., 205 Va. 897 (140 SE2d 817); Vernon v. Harleysville Mut. Cas. Co., 244 S. C. 152 (135 SE2d 841).

The appellant points out that the Georgia Insurance Commissioner has approved the policy of insurance containing the above exclusion. While this is entitled to consideration where the meaning of the statute is doubtful, there is no occasion to do so where the language of the statute is plain and unambiguous. *Suttles v. Northwestern Mut. Life Ins. Co.,* 193 Ga. 495, 515 (21 SE2d 695); accord Davidson v. Eastern Fire &c. Ins. Co., 245 S. C. 472 (141 SE2d 135). The Uninsured Motorist Act (*Code Ann.* § 56-407.1) is plain and unambiguous in requiring all liability policies to undertake to pay the insured "all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured vehicle."

The fact that the plaintiff gave a loan receipt to her collision insurer (Motors Insurance Corporation) was not a bar to her suit and legal right to recover against the uninsured motorist. "Loan receipts do not constitute assignment of causes of action." *Benefield v. Malone,* 110 Ga. App. 607 (139 SE2d 500) ; *Lydick v. Napier,* 105 Ga. App. 820 (125 SE2d 701). Cf. *Joy Floral Co. v. Norris,* 34 Ga. App. 796 (131 SE 920).

The trial court did not err in its judgment overruling the defendant's motion for summary judgment and sustaining the plaintiff's motion for summary judgment awarding the damages sought minus the $250 deductible provided by the Uninsured Motorist Act.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*