**James HEAVNER, Plaintiff,**

v.

**STATE AUTOMOBILE MUTUAL INSUR-ANCE COMPANY OF COLUMBUS, OHIO, Defendant.**

Civ. A. No. 70–C–82–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Nov. 2, 1972.

F. Rodney Fitzpatrick, Roanoke, Va., for plaintiff.

Daniel S. Brown, Hazlegrove, Carr, Dickinson, Smith & Rea, Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

Plaintiff filed his original complaint in this court on July 27, 1970.

This case comes before the court under 28 U.S.C.A. § 1332, as it involves citizens of different States, plaintiff being a domiciliary of Maryland at the time of this action, and defendant, State Automobile Mutual, having principal offices in Ohio. The amount in controversy exceeds $10,000, as decided by this court in an opinion and order dated March 15, 1972 (Heavner v. State Automobile Insurance Company of Columbus, Ohio, 340 F.Supp. 391 (W.D.Va.1972)), in which it was held that the liability of the insurer for the $10,000 required coverage did not include interest and costs, for which insurer was also liable, thereby causing the amount in controversy to exceed $10,000. Defendant's motion to dismiss on the grounds that the jurisdictional amount did not exceed $10,000 as required by 28 U.S.C.A. § 1332(a) was accordingly dismissed. The action now comes before this court to be decided on the merits.

The problem involves the area of uninsured motorist coverage. On March 18, 1967, the plaintiff was injured in an automobile accident in Franklin County, Virginia, while riding in a car owned by Madison M. Gray, a citizen of Delaware, and driven by Gray's son-in-law, Ralph Leo Buckle, Jr. The accident was caused by another car driven by one Larry Dean Fisher, against whom the plaintiff has obtained a judgment in this court for $27,946.65, with interest at 6% per annum and his costs in the proceeding.

Fisher was an uninsured motorist and the judgment remains unsatisfied. The present action seeks to recover on this unsatisfied judgment against State Automobile Mutual, which insured two cars owned by the plaintiff's mother.

At the time of the accident the plaintiff was 22 years old and a resident of Maryland, living in his mother's household. During most of the year, however, he was a student at the University of Georgia. State Automobile Mutual issued in Maryland, on January 13, 1967, a policy insuring two automobiles owned by the plaintiff's mother. The plaintiff used one of these cars, a 1957 Triumph, and it was noted on the face of the policy that the vehicle would be "principally garaged" in the State of Georgia. In the "Family Automobile Policy" issued by defendant, Part IV—Family Protection Coverage includes a provision ". . . to pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury . . ." The said policy further provides on the declarations page that "The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges." Maryland law does not require automobile insurance policies to include uninsured motorist coverage and no premium was paid to gain the benefits of this coverage, although on the face of the policy the coverage was clearly available.

In contrast to the law of Maryland, Georgia Code Ann. § 56–407.1 provides in part:

(a) No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this State to the owner of such vehicle, or *shall be issued or delivered by any insurer licensed in this State,* upon any motor vehicle then principally garaged or principally used in this State, unless it contains an indorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an insured motor vehicle . . . (Emphasis supplied).

State Automobile Mutual is an insurer licensed to do business in the State of Georgia. It is contended that the Georgia statute overrides the provisions of the policy and accords uninsured motorist coverage to the plaintiff.

This court must decide several questions in reaching a decision: 1) Does the Georgia statute requiring uninsured motorist coverage for automobiles "principally garaged" in Georgia apply to the insurance contract made in Maryland? 2) If the uninsured motorist coverage is available to the plaintiff, does it extend to an accident occurring outside of Georgia, not involving the vehicle "prinicipally garaged" in Georgia?

■ First, does the Georgia statute requiring uninsured motorist coverage for automobiles "principally garaged" in Georgia apply to the insurance contract made in Maryland? Defendant contends that a federal court, sitting as a Virginia court, must apply Virginia law, to include Virginia conflicts law. Getlin v. Maryland Cas. Co., 196 F.2d 249 (9th Cir. 1952); Hardware Mut. Casualty Co. v. Wendlinger, 146 F.2d 984, 988–989 (4th Cir. 1944). Since Virginia follows the usual rule that the substantive law of the place where the contract is made controls, defendant contends that the law of the State of Maryland, where the insurance contract was made, controls. Maryland law does not require uninsured motorist coverage to be afforded by automobile insurance policies made in that State. Instead, Maryland provides an "unsatisfied judgment fund," managed by the State itself, in lieu of uninsured motorist coverage. Maryland Code Ann., 1957, Art. 66½, §§ 150–179, as amended.

■ Defendant's contention that Maryland law controls is without merit, for while the law of the place of contracting may be important, of equal importance is the law of the place of performance. Insurance contracts are subject to the laws of the State where the contract is to be performed. Numerous cases have applied the law of the forum state, if it has sufficient contacts, even though a clause in the contract or law of the contracting State was contrary to the law of the forum. Clay v. Sun Ins. Office, Ltd., 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229 (1964); Watson v. Employers Liability Assurance Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954); Pacific Employers Ins. Co. v. Industrial Accident Comm'n., 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939). Cases have also held that if by the terms of the contract it is to be performed in a place other than the place of execution, the place of performance will ordinarily be deemed the place of contract, at least unless the parties otherwise intended. Poole v. Perkins, 126 Va. 331, 101 S.E. 240, 243 (1919).

■ In this instance, since the policy on its face shows that a part of the contract was to be performed in Georgia, it may be presumed that the intent of the parties was to include construction of the contract under Georgia law. The defendant was an insurer licensed in the State of Georgia at the date of issuance of the subject insurance policy. While the law of the place of contracting may have some weight in regard to the interpretation of a contract entered into [see Lackey v. Virginia Surety Company, 209 Va. 713, 167 S.E.2d 131 (1969)], nothing in this case indicates that the defendant was not prepared to apply the law of the place of performance in any claim involving the Georgia vehicle. Plaintiff's mother notified the insurance company that one car, the 1957 Triumph, would be used and garaged in Georgia, and the defendant is presumed to have known Georgia law because it did business there. Georgia also has an interest in having its laws apply to an out-of-state vehicle which will be operated for long periods of time upon its highways. While it may not have an interest in cars operated by transient guests, a car operated for nine months out of a year in Georgia could affect in a very substantial way Georgia citizens, in that they may be injured while riding in the car by an uninsured motorist, and

unless § 56–407.1 of the Georgia Code Ann. was applicable they would be left without a remedy. It is not conceivable that the Georgia legislature intended for its uninsured motorist provisions to apply only to contracts made within the borders of Georgia. In the case of Stevens v. American Service Mutual Insurance Co., 234 A.2d 305 (D.C.App.1967), the Alabama based "mail order" insurance company contended that the Virginia Uninsured Motorist Act did not apply because its policy was signed and mailed in Alabama and was neither issued nor delivered in Virginia. The District of Columbia Court of Appeals said, in part:

> "The purpose of the Uninsured Motorist Act is to provide adequate protection for the insured motorist, his family, and permissive users of his automobile against the perils of injury and loss from the uninsured motorist . . .

> "The statute, enacted for the benefit of injured parties ought to be liberally construed so as to accomplish the legislative purpose . . .

> "To say that a policyholder is deprived of the protection of the statute merely because [some] of the ceremonies of contracting were performed outside of the borders of the State would, however, defeat the legislative purpose . . .

> ". . . it is inconceivable that a State enacting comprehensive protective legislation could have intended to exclude a substantial number of its citizens from the statute's protection on such technical grounds." 234 A.2d 305, 310.

██ To adequately protect all of Georgia's citizens, the law must extend to all motor vehicles principally garaged or principally used in Georgia, irrespective of where the contract is made, so long as the company is licensed to do business in Georgia. Therefore, this court finds that under Section 56–407.1 of the Georgia Code Ann., uninsured motorist coverage was extended to the plaintiff, since his vehicle was "principally garaged" in Georgia.

The court must now consider whether the uninsured motorist coverage, made applicable by Georgia law, should be extended to an accident occurring in Virginia, involving the insured while riding as a guest in a vehicle not originally insured by the defendant.

Under § 56–407.1 of the Georgia Code Ann., it is required that automobile insurance policies contain provisions " 'undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle * * *.' " The Act has been interpreted by the Georgia courts not to restrict coverage only to instances where the "insured automobile" is involved. Gulf American Fire & Casualty Company v. McNeal, 115 Ga.App. 286, 154 S.E.2d 411, 416. It has been extended to cover an insured person whether or not he is occupying the "insured automobile."

Insured persons, as defined in § 56–407.1(b) of the Georgia Code Ann., can be grouped into two classes:

(1) "[T]he named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, *while in a motor vehicle or otherwise;*" [emphasis added]. (2) "[A]ny person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies."

██ According to the Georgia Court of Appeals in *Gulf American Fire, supra,* at 154 S.E.2d 416, the latter class are insured persons under the Code only when the "insured automobile" is involved. The former class are insured persons even where the "insured automobile" is not in any way involved in the insured's injuries.

██ The plaintiff, as the son of the insured, falls within the first class of § 56–407.1(b) and is given the full coverage of his mother's insurance policy,

even though he was riding in a car operated by a Delaware citizen and the car "principally garaged" in Georgia was not involved in the accident.

In further considering whether plaintiff is entitled to coverage by the Georgia uninsured motorist law, this court must consider the purpose of the Act. The Supreme Court of Virginia, in Bryant v. State Farm Insurance Company, 205 Va. 897, 140 S.E.2d 817, 819 (1965) said "the uninsured motorist law was enacted for the benefit of injured persons and 'it is to be liberally construed so that the purpose intended may be accomplished.'" The Georgia Court of Appeals has followed the *Bryant* decision in allowing recovery of uninsured motorist coverage under two separate policies or the pyramiding of uninsured motorist coverage in the case of Travelers Indemnity Company v. Williams, 119 Ga.App. 414, 167 S.E.2d 174 (1969). The Georgia Court also followed *Bryant* and a different point in State Farm Mutual Automobile Insurance Company v. Barnard, 115 Ga.App. 857, 156 S.E.2d 148 (1967).

In discussing the purpose of the uninsured motorist act, this court said in Hobbs v. Buckeye Union Casualty Company, 212 F.Supp. 349 (W.D.Va.1962) "'The intent of the General Assembly in enacting the "Uninsured Motorist Act," was to provide benefits and protection against peril of injury by an uninsured motorist to an insured motorist, his family, and permissive users of his vehicle.'" 212 F.Supp. at 352.

In keeping with the *Bryant* decision, this court holds that the Georgia statute extending coverage to the plaintiff must also be "liberally construed" so that the purpose intended by the legislature may be accomplished. Defendant argues that there must be some valid interest in the matter on the part of the State of Georgia before Georgia law can be applied. Defendant contends that since the contract was entered into outside of Georgia, by parties not residents of Georgia, and the accident occurred in Virginia, without involving the Georgia "triggering" device, i. e., the vehicle principally garaged in Georgia, plaintiff, therefore, should not recover.

The court disagrees with the defendant's argument. The question to be decided by this court is whether Georgia has an interest in having its statute enforced in this particular contract and not whether Georgia has any special interest in the plaintiff in this case. If the statute must be read into the contract, then it becomes part and parcel of the contract, and it is not made inapplicable merely because Georgia may have no particular interest in the plaintiff or because the facts of this case are unique and different.

The court has decided that the state law must be incorporated into the insurance contract because the defendant was an insurance company licensed to do business in Georgia and because Georgia does have an interest in protecting its citizens, which interest transcends the current provisions of this insurance policy.

Under Georgia law a Georgia citizen who rides as a passenger in a car or who drives a car with the owner's permission is covered under the uninsured motorist law. Georgia's interest in the present case is in seeing that people who intend to operate cars within its borders for extended periods of time, then this individual, if his insurance company does business in Georgia and therefore has knowledge of Georgia laws, should protect himself with such insurance as a Georgia citizen is required to carry so that Georgia citizens would be protected. Therefore, for these reasons the statute becomes a part of and overrides any inconsistent provisions in the contract.

Once a statute is deemed applicable, it applies in full and not in part, nor is it dependent upon any particular set of facts and circumstances. Under the Georgia statute the insured and his relatives are entitled to recover for injuries suffered in an automobile accident

under the uninsured motorist law whether or not they are in the insured automobile. Nor does the statute require that any accident involving the insured when he is not in his own car occur in Georgia. It can occur anywhere. Therefore the fact that the accident occurred in Virginia while the plaintiff was a passenger in a friend's car is of little consequence. Because the statute must apply in full, this provision is applicable to the present case and the plaintiff is covered.

Accordingly, summary judgment hereby is granted to the plaintiff and this court orders the defendant to pay plaintiff the sum of $10,000, the limit of liability for bodily injuries suffered under the policy in question. Each party shall bear his own costs.