CIRCUIT COURT OF THE CITY OF RICHMOND

James W. Holloway

    v.

Erie Insurance Co.

August 26, 1983

Case No. LG-232

By JUDGE WILLARD I. WALKER

This breach of contract action is before the court on the motion of the parties, James W. Holloway, plaintiff, and Erie Insurance Company, defendant, for summary judgment under Rule 3:18 of the Rules of the Supreme Court of Virginia.

The present disagreement concerns the stated limitations of Erie's insurance policy expressed in terms of conditions in the contract affecting Erie's duty to cover the insured. The issue is whether the Erie Insurance Company should pay a judgment obtained by the plaintiff against an uninsured motorist under the mandatory uninsured motorist coverage provided for in the defendant's policy.

The undisputed facts are as follows. In 1980, the plaintiff, Holloway, sustained injuries while riding in a car driven by Rodney Townes, an uninsured motorist, which car collided with another car driven by John Holmes, Jr., an insured motorist with Midland

Insurance Company. Holloway sued both Townes and Holmes, claiming personal injuries as a result of their joint negligence. By serving Erie with a copy of his motion for judgment, Holloway made a claim under Erie's uninsured motorist coverage. On the day prior to trial Holloway settled with Holmes for $4,500, and entered into a covenant not to sue, without Erie's knowledge or consent. In response, Erie moved for a continuance, which motion was denied. Erie defended the action against Townes under the provisions of Virginia Code § 38.1-381. A verdict was obtained by Holloway against Townes for $12,031. Applying Virginia Code § 8.01-35.1, the court reduced the verdict by $4,500, the amount of the payment to Holloway by Holmes, and entered judgment for $7,531.07. Because the judgment remains unsatisfied, the plaintiff has instituted the present breach of contract action.

An insurance contract is presumed to incorporate all relevant mandatory provisions prescribed in Virginia Code § 38.1-381. To the extent policy terms conflict with the express or implied requirements of that statute, they are void and unenforceable. Holloway claims that the terms of Erie's policy prohibiting settlement with a tortfeasor without its consent is void as contrary to Virginia Code § 38.1-381(g) and § 8.01-35.1. The provisions of Virginia Code § 38.1-381(g) forbid insurance companies from requiring anything of their insureds other than the establishment of legal liability against the uninsured motorist, and Virginia Code § 8.01-35.1 allowed the injured party to release one joint-tortfeasor while retaining all legal rights against all other tortfeasors.

Alternatively, Erie asserts that the wording of Virginia Code § 38.1-381(f), the statutory legislation protecting subrogation rights under the uninsured motorist coverage, impliedly indicates legislative recognition that an insurer under uninsured motorist law may contract or limit coverage under certain conditions. Any other construction, Erie maintains, would frustrate the exercise of its subrogation powers.

I disagree with Erie's contention. By the terms employed, it is apparent that the subrogation clause properly applies only to a recovery against an uninsured motorist. In this case, Holloway settled a different claim with an insured motorist, Holmes, and when Erie does pay, it is only subrogated to the insured's claim against Townes. Removing Holmes as a possible source of reimbursement is not prejudicing a subrogation right against an uninsured motorist, for Erie may still freely proceed against Townes. Erie's relationship with Holmes may be characterized as an expectation of payment had Holmes been judged legally responsibile for Holloway's injuries. In fact, if the case had been tried to conclusion with the result that Holmes shared no liability, Erie would be forced to assume payment of entire $12,031.07 rather than $7,531.07. From the perspective of possibilities, one view reveals that Holloway has bestowed a benefit upon Erie. Thus, the exclusionary clause in Erie's policy can be no defense where the insured has settled with a party other than the uninsured motorist. The Virginia covenant not to sue statute (§ 8.01-35.1), supports this conclusion by removing any ambiguity regarding the legislature's intent to permit a plaintiff to release only one joint-tortfeasor without affecting rights against another. That part of Virginia's statute granting subrogation rights must be construed narrowly to favor full satisfaction to an injured party; otherwise, a chilling effect occurs on settlements with joint-tortfeasors and their insurers which frustrates the mandatory coverage of the uninsured motorist statute. Erie's plight of having lost possible rights against the insured tortfeasor, Holmes, or the expectation of having Holmes or his carrier solely responsible must be addressed to the legislature. Holloway has received no windfall, receiving only the total sum of his judgment against Townes. Erie still has its subrogation rights intact against Townes, and has received credit for the $4,500 paid by the carrier for Holmes to Holloway, the insured of Erie. It is the covenant not to sue taken by Holmes and Virginia Code § 8.01-35.1 that frustrate Erie's desire to reach Holmes, not the settlement by Holloway without Erie's consent. No other interpretation of

Virginia Code §§ 38.1-381 and 8.01-35.1 and the insurance contract can be reached without subverting the plain meaning of § 8.01-35.1 and § 38.1-381.