## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Government Employees Insurance Co.

v.

Gerald Fain

December 7, 1987

Case No. (Law) 11732

By JUDGE ALFRED D. SWERSKY

This Declaratory Judgment action is before the Court on Cross Motions for Summary Judgment. Plaintiff is the uninsured motorist carrier for Defendant, who was in an accident involving an uninsured motorist, John Doe, and an insured motorist. In *Fain v. Wood*, Law No. 9057, Plaintiff [Fain] settled his action against the insured motorist for $49,000.00. Plaintiff [GEICO] provides Defendant with uninsured motorist coverage in the amount of $25,000.00.

Government Employees Insurance Company (GEICO) has moved this Court to declare whether or not Fain is entitled to recover from it and relies on two policy provisions in support of its argument that Fain can not recover under this policy. For the following reasons GEICO's Motion for Summary Judgment must be denied, Fain's granted and the Court must declare that Fain is not precluded as a matter of law from recovering under this policy.

In Count I, GEICO alleges that by virtue of a provision in the policy that reduces its liability by any amount paid by or on behalf of any other person jointly or severally liable with the uninsured motorist it is not liable at all. *See*, Part IV, Coverage J, Limits of Liability (e), of the GEICO policy. GEICO reasons that the settlement

with the insured motorist exceeds the limits of its liability to Fain under its uninsured motorist coverage; therefore, under this clause, there can be no liability. GEICO relies on *State Farm Mutual Insurance Co. v. United Services Automobile Association*, 211 Va. 133 (1970), in which the Court found certain "excess coverage" clauses valid. This case, however, is governed by the rule in *Bryant v. State Farm Mutual Insurance Co.*, 205 Va. 897 (1965).

Bryant held that an excess clause was invalid because it limited the statutory obligation of the insurer to pay "all sums that he (the insured) is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . ." Code of Virginia, Section 38.1-381 (now § 38.2-2206(A).) Here, as in *Bryant*, GEICO seeks to limit the liability imposed upon it by the statute.

Pursuant to Code of Virginia, § 8.01-35.1, Fain could settle with a joint tort feasor without losing his rights against the uninsured tort feasor. Under that Section GEICO, as the uninsured carrier, would be entitled to reduction of any judgment rendered against the uninsured in the amount of the settlement. Thus, Fain still has a right of action against "John Doe." That is, he is legally entitled to recover sums from the uninsured motorist. Under these circumstances this excess provision in the policy would conflict with the statutory obligation GEICO owes to Fain and it is "illegal and of no effect." *Bryant, supra*, 205 Va. at 901.

Under Count II of the Motion for Summary Judgment, GEICO alleges that the policy requires its written consent to any settlement with "any person or organization who may be legally liable therefor . . . ." *See* Part IV, Coverage J, Exclusion (a), of GEICO policy. The only case found dealing with this provision is *Holloway v. Erie Ins. Co.*, 1 Va. Cir. 358 (1983), decided by Judge Walker of the Circuit Court of the City of Richmond. The facts are identical to the facts here, except that Plaintiff proceeded to judgment against the uninsured motorist and the Court reduced the amount of the judgment by the amount of the settlement with the insured motorist and held Defendant Erie liable under its policy. The rationale of *Holloway* applies in this case even with more force. Here the uninsured motorist is unknown and GEICO's rights of subrogation against the uninsured are not affected at

all; therefore, under these circumstances, the policy provision requiring the written consent of GEICO to the settlement with the insured motorist is void and unenforceable in light of the legislative policy behind the Uninsured Motorist Act, Code of Virginia, § 38.2-2206.