## Richmond

HARDWARE MUTUAL CASUALTY COMPANY, ET AL. v. CELINA
MUTUAL INSURANCE COMPANY, ET AL.

June 10, 1968.

Record No. 6727.

Present, All the Justices.

*William M. Harris* (*Taylor, Gustin, Harris, Fears and Davis*, on brief), for appellants.

*Robert G. Winters* (*Preston, Preston & Wilson*, on brief), for appellees.

SNEAD, J., delivered the opinion of the court.

This case is similar to and controlled by our decision in *American Motorists Insurance Company* v. *Phyllis B. Kaplan, et al.*, Record No. 6726, decided this day. The cases were tried together in the court below where it was stipulated that the two cases "involved identical issues and that the decision in one shall be determinative in the other."

Celina Mutual Insurance Company, Thomas W. Harrold and A.

L. Lane, individually and trading as Wedgewood Garden Center, and Norman Jefferson filed a bill for a declaratory judgment against Cavalier Ford, Inc. and Hardware Mutual Casualty Company, appellants. They sought the court's construction of two policies of liability insurance and a determination of the respective rights and liabilities of the parties thereunder. One was an automobile liability policy issued by Celina and the other was an automobile garage liability policy issued by Hardware Mutual Casualty Company.[1] The complainants asked for a judgment against Hardware in the sum of $10,405 representing funds Celina had paid in the settlement of claims resulting from an accident and for attorney's fees and costs.

The facts were stipulated. Hardware issued its garage liability policy to Cavalier Ford, Inc., an automobile sales agency in Norfolk. Prior to March 20, 1965, Wedgewood Garden Center received from Cavalier Ford, Inc. a proposal for the sale of a new truck. The offer included a credit for the trade of Wedgewood's 1962 Ford "Econaline" truck which was in need of repairs. Wedgewood placed an order for the new truck but immediate delivery could not be made on account of production delays. On or about April 16, Cavalier Ford **loaned Wedgewood one of its trucks that had its** dealer's license tag attached until delivery of the new truck could be made. At the same time custody of Wedgewood's used truck was delivered to Cavalier Ford.

On April 22, Norman Jefferson, an employee of Wedgewood, while operating the loaned truck in the course of his employment, collided with a vehicle owned by William Gretes and driven by Anna E. Gretes. Margaret Kenneally was a passenger in the Gretes car.

At the time of the accident there was in effect an automobile liability policy which Celina had issued to Wedgewood insuring their 1962 Ford truck.

As a result of the accident, Anna Gretes and Margaret Kenneally instituted separate actions against Jefferson, the Wedgewood partnership, and Cavalier Ford to recover damages for personal injuries they sustained. Hardware filed an answer on behalf of Cavalier Ford, but denied coverage to Jefferson and Wedgewood stating that it owed them no protection because of the endorsement attached to

---

[1] The pertinent provisions of Celina's policy are similar to those contained in the Government Employee's policy involved in the case of *American Motorists Ins. Co. v. Kaplan, et al., supra,* and the pertinent provisions of Hardware's policy are similar to those contained in American's policy there involved.

its policy issued to Cavalier Ford. Hardware refused to defend either Jefferson or Wedgewood in the actions, but Celina filed responsive pleadings on their behalf.

Subsequently, Hardware and Celina agreed that a claim of William Gretes for damages to his car and the claim of Anna Gretes for personal injuries had a total settlement value of $1,250, and Celina paid the claims. However, the companies could not agree as to the value of the claim of Margaret Kenneally and it was litigated. The jury returned a verdict in her favor for $8,000 against Jefferson, and the partnership.

It was further stipulated that Wedgewood had permission of Cavalier Ford to use the truck involved in the accident, for its employees to operate it in the course of the partnership's business, and that it was a "temporary substitute automobile."

By decree entered December 19, 1966, the trial court held that the garage liability policy issued by Hardware to Cavalier Ford provided primary coverage to Jefferson and Wedgewood; that the automobile liability policy issued by Celina to Wedgewood afforded secondary coverage, and that Celina was entitled to recover of Hardware "the expenses, settlements and judgments incurred and paid". Accordingly, a judgment for the total sum of $10,405, including $1,155 for attorney's fees and costs, was rendered in favor of Celina.

As has been indicated in footnote "1", the policies in this case contain provisions similar to those policies involved in *American Motorists Ins. Co.* v. *Kaplan, et al., supra.* Here, Celina's policy contains in its "Other Insurance" clause a provision which states that coverage "with respect to temporary substitute automobiles * * * shall be excess insurance over any other valid and collectible insurance." Hardware's garage liability policy contains an endorsement entitled "Limited Coverage For Certain Insureds." It provides coverage for a person using an automobile with the permission of the named insured "only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person * * *."

The trial court concluded that Hardware's policy furnished primary coverage for the losses because the above "escape" or "no liability" clause was void as it violated Code, § 38.1-381(a).

Hardware's assignments of error raise the same issues as those

presented in *American Motorists Ins. Co.* v. *Kaplan, et al., supra.* The decision in that case, which affirmed the holding of the court below, is controlling here and reference to it is hereby made.

Accordingly, the decree appealed from is

*Affirmed.*