## 𝕾taunton

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY V.
UNITED SERVICES AUTOMOBILE ASSOCIATION, ET AL.

UNITED SERVICES AUTOMOBILE ASSOCIATION V.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.

September 4, 1970.

Records Nos. 7153 and 7154.

Present, All the Justices.

*Adelard L. Brault; John B. Browder (James W. Morris, III; Brault and Lewis; Browder, Russell, Little & Morris,* on brief), for appellant in Record No. 7153.

*Joseph Dyer (John J. Daly; Anthony J. Siciliano; Robert L. Ellis; Paul F. Sheridan; Siciliano, Daly & Ellis,* on brief), for appellees in Record No. 7153.

*Joseph Dyer (John J. Daly; Anthony J. Siciliano; Robert L. Ellis; Paul F. Sheridan; Siciliano, Daly & Ellis,* on brief), for appellant in Record No. 7154.

*Adelard L. Brault; John B. Browder (James W. Morris, III; Brault and Lewis; Browder, Russell, Little & Morris,* on brief), for appellees in Record No. 7154.

SNEAD, C. J., delivered the opinion of the court.

These appeals involve the priority, if any, of coverage under the uninsured motorist endorsement of three separate automobile liability insurance policies.

Caroline S. Sargent, a minor, suffered personal injuries in an automobile collision between the vehicle in which she was a passenger and a vehicle driven by David Russell Whisenhunt, an uninsured motorist. The automobile in which Caroline Sargent was riding was owned by John A. Lobi and driven, with Lobi's consent, by Christopher S. Call. Consent judgments totalling $22,500 were entered for Caroline Sargent and Jack S. Sargent, her father, against Whisenhunt. Sargent's recovery was for medical expenses incurred on behalf of his injured daughter.

United Services Automobile Association (USAA) had issued an automobile insurance policy to Jack S. Sargent and it admitted coverage of the Sargents under its uninsured motorist endorsement. Government Employees Insurance Co. (GEICO) had issued a policy to Lobi covering his vehicle and it also admitted coverage of the Sargents under its uninsured motorist endorsement. State Farm Mutual Automobile Insurance Company (State Farm) had issued a policy to the parents of Christopher S. Call on their vehicle. Call, being a resident of his parents' household, was an insured under the policy. While State Farm denied any coverage of the Sargents under its uninsured motorist endorsement in the court below, the assignment of error pertaining thereto has been waived. Each of the policies provided the insured with the minimum uninsured motorist coverage ($15,000)[1] required at the time of the accident.

At the outset it should be noted that the judgments amounting to $22,500 in favor of the Sargents are not at issue here. It is conceded that they are entitled to collect the full amount of the judg-

[1] Code § 38.1-381(b) requires the uninsured motorist coverage to be, "within limits which shall be no less than the requirements of § 46.1-1(8), as amended from time to time, of the Code herein; * * *." As of October 20, 1964, the date of the accident, § 46.1-1(8) provided: " 'Financial responsibility'.—Ability to respond in damages for liability thereafter incurred arising out of the ownership, maintenance, use or operation of a motor vehicle, in the amount of fifteen thousand dollars because of bodily injury to or death of any one person and, * * *." The 1968 General Assembly increased the amount to twenty thousand dollars, effective January 1, 1970.

ments. Our concern in this appeal is with the priority of payment of the judgments among the above mentioned companies.

Prior to the entry of the judgments, USAA on March 7, 1968 filed a Motion for Declaratory Judgment requesting the court below to determine which of the insurance policies, if any, were "primary" and which, if any, were "secondary". State Farm, GEICO, the Sargents, Lobi, Call and Whisenhunt were named as defendants. Other insurance companies were included but non-suits were later taken as to them.

By a decree entered on August 9, 1968, the trial court held that the Sargents were insured under each of the policies of GEICO, State Farm and USAA, and that the three companies were "each liable equally to pay all sums to Caroline S. Sargent, a minor, and Jack S. Sargent which David Russell Whisenhunt [an uninsured motorist] has become legally obligated to pay as damages for bodily injuries or injury or destruction of property rising out of the operation of a motor vehicle by said David Whisenhunt on October 20, 1964." We granted State Farm and USAA appeals from that decree. GEICO, the appellee, did not file a printed brief and was not represented by counsel in this appeal.

State Farm maintains that the court erred in not holding GEICO liable as primary carrier for the payment of the first $15,000 and State Farm and USAA liable pro rata for the balance of $7,500, or $3,750 each. USAA contends that GEICO is primarily liable for $15,000, that State Farm is secondarily liable for $7,500 and that it (USAA) is not liable for any amount of the judgments.

■ The policies of State Farm, GEICO, and USAA all contain the following language as a part of their respective uninsured motorist provisions:

"Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, * * * .

"Except as provided in the foregoing paragraph, if the insured has other similar bodily injury insurance available to him and applicable to the accident, * * * the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The first clause of the "Other Insurance" provision is known as the "excess" coverage clause. Essentially this clause makes the insurance covering the vehicle "primary" insurance and other insurance covering the insured is "excess" or "secondary" insurance. Thus, the "excess" insurance would come into play only in event the established liability exceeded the coverage of the primary insurance. If there should be more than one insurer providing "excess" coverage then the amount of the excess is pro rated among the "excess" carriers. This is the basic purpose of the "pro rata" clause, which is quoted above with the "excess" coverage clause.

Subsection (b) of Code § 38.1-381 provides in part:

"Nor shall any such policy or contract relating to ownership, maintenance or use of a motor vehicle be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1-1 (8), as amended from time to time, * * *."

The trial court held that the "excess coverage clause" was void and of no legal effect but that the "pro rata" clause was valid. Relying on *Bryant v. State Farm Mutual*, 205 Va. 897, 140 S.E.2d 817 (1965) the trial court stated that this court "declared the 'excess coverage clause' to be contrary to Section 38.1-381 of the Code of Virginia of 1950, as amended, and of no legal effect," but "the 'pro rata' clause remains effective and is applicable to the circumstances involved in this case."

We agree with the trial court's holding that the pro rata clause is valid, but we are of opinion the trial court went beyond our holding in *Bryant* when it struck down the "excess coverage" clause in these policies. Thus, the overriding question for our determination is whether the excess coverage clause is in conflict with Code § 38.1-381(b).

In *Bryant* the insurance company sought to escape all liability to the plaintiff on the grounds that the plaintiff had other valid and collectible insurance available. Bryant, the plaintiff, was operating his father's truck when he was in an accident with an uninsured motor vehicle. He was an insured under his father's policy, which insured the truck, as well as his own personal automobile liability policy. Both policies were with the same insurance company, and each policy provided the minimum uninsured motorist coverage of $10,000 re-

quired by statute at the time of the accident. Bryant recovered a judgment for $85,000. The insurance company paid Bryant $10,059 on its policy covering the truck, but refused to pay him any sums provided for under the uninsured motorist provision of his own policy. The insurance company relied on the following clause in Bryant's policy:

"* * * With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of all such other insurance * * *."

This clause contained two important provisions. First, the insurance covering an insured while occupying an automobile not owned by the named insured was excess insurance over any other similar insurance available to such occupant. Second, the insurance was only applicable in a situation where its limit of liability exceeded the limits of liability of all such other insurance. The limits of liability of all such other insurance in *Bryant* were $10,000. Since Bryant's insurance policy only provided uninsured motorist coverage of $10,000 the insurance company could avoid or escape all liability to Bryant under his policy. As to this clause we said, "[c]learly this provision places a limitation upon the requirement of the statute [§ 38.1-381(b)] and conflicts with the plain terms of the statute. It is therefore illegal and of no effect." 205 Va. at 901, 140 S.E.2d at 820.

There is a crucial difference between the language in the clause now under consideration and that held invalid in *Bryant*. The language before us now does not contain a limitation on the uninsured motorist statute which would permit an insurance company to escape all or a portion of its liability to the insured, thus depriving the insured of coverage to which he was legally entitled. We held void such a limitation in *Bryant* and in that respect *Bryant* is not applicable.

Also in *Bryant* we cited several Virginia cases which established that the "controlling instrument" is the statute (§ 38.1-381) and any policy provisions that add to or restrict the requirements of the statute are void and ineffective. 205 Va. at 900, 140 S.E.2d at 819. We see nothing in the excess coverage clause involved herein which adds to or restricts the uninsured motorist statute. It does not affect an insured's right to recover under the uninsured motorist statute.

The excess coverage clause merely provides an orderly process for determining the distribution of liability among several insurance carriers. Code § 38.1-381(b) requires that the insured be paid "all sums" he is legally entitled to recover as damages from the uninsured motorist within the limits of the policy. The excess coverage clause does not conflict with that requirement, but only requires the exhaustion of the primary coverage, here GEICO, before the excess coverage comes into play. That being the case the clause is valid. See *Drewry* v. *State Farm Mutual*, 204 Va. 231, 129 S.E.2d 681 (1963).

Counsel for USAA has urged us to hold State Farm secondarily liable for the entire $7,500 excess and thereby relieve it of any liability to the Sargents at all. More specifically, USAA argues that GEICO is primarily liable as insurer of the vehicle, State Farm is secondarily liable as insurer of the driver, and USAA "having only tertiary liability in the event the $22,500.00 judgments were not satisfied by the other policies, * * *." We cannot go beyond the language of the policies i.e., the insurance on the vehicle is primary and other insurance covering the insured is secondary or excess insurance. The language of the excess coverage clause before us is identical in all three policies and for us to establish the priority of coverage between secondary carriers would be adding something new to the provisions of these policies.

We find the priority of coverage in this case is that GEICO, which insured the vehicle involved in the accident, is primarily liable for $15,000, the full extent of its policy, and State Farm and USAA are secondarily liable for $7,500. Pro rated according to the terms of their policies State Farm and USAA are liable each for $3,750. Payment of the judgments in favor of the Sargents is hereby ordered to be made consistent with this holding.

The judgment below is

*Reversed.*