# UNITED SERVICES AUTOMOBILE ASSOCIATION

## v.

# THE TRAVELERS INDEMNITY COMPANY

Record No. 891361

September 21, 1990

Present: All the Justices

*Terry H. Davis, Jr. (Harris, Fears, Davis, Lynch & McDaniel,* on brief), for appellant.

*Glen A. Huff (Timothy M. Richardson; Huff, Poole & Mahoney,* on brief), for appellee.

JUSTICE RUSSELL delivered the opinion of the Court.

This is a dispute between two casualty insurance carriers in which the sole issue is whether the coverage provided by one carrier is "excess insurance," available only after the coverage provided by the other, which is admittedly "primary insurance," has been exhausted. The issue turns on the language of the two policies.

The case was submitted to the trial court upon a written stipulation of facts. On September 26, 1983, a collision occurred on Ocean View Avenue, in Norfolk, between a motorcycle operated by William F. Walters and a 1970 Volkswagen "beetle" operated by David W. Lewis. Allyson L. Duncan, riding as a passenger on the Walters motorcycle, sustained serious personal injuries.

The "beetle" was owned by Lawrence L. Laine, the father of David Lewis's fiancee, Mary Jeannine Laine. Mary Jeannine had given David Lewis permission to drive the "beetle," and he was, at the time of the accident, with her knowledge and permission, using it in the course of his employment to make deliveries for his employer, Tidewater Pizza, Inc., trading as Domino's Pizza.

The "beetle" was listed as an insured vehicle under an automobile policy issued to Mr. Laine by United Services Automobile Association (USAA). Mary Jeannine Laine was listed on the USAA policy as a named operator. The Travelers Indemnity Company (Travelers) had issued a policy of commercial insurance to Tidewater Pizza, Inc. (Tidewater), which afforded bodily injury and property damage coverage for "the use in the Named Insured's business of a non-owned private passenger automobile by any person other than the Named Insured . . . ." (Emphasis deleted.)

Allyson Duncan filed an action at law in the court below against David Lewis and Tidewater to recover damages for her injuries arising out of the 1983 accident. In 1985, USAA and Travelers settled the Duncan case for $190,000, to which each carrier contributed $95,000, expressly reserving their coverage dispute for future determination. The applicable bodily injury cover-

age limits of the two policies were $300,000 for USAA and $500,000 for Travelers.

Travelers took the position during the Duncan settlement negotiations that its policy covering Tidewater was merely "excess" coverage, and that the USAA policy was primary. Travelers called upon USAA to defend the Duncan action. USAA refused on two grounds: first, because of an exclusion in the USAA policy providing that coverage did not apply "to any automobile while used as a public and livery conveyance"; second, because even if the livery exclusion were inapplicable, the two policies afforded co-primary coverage, and the costs of defense and settlement should be shared pro rata, with Travelers bearing the larger share due to its larger policy limits.

Travelers assumed the defense of the Duncan action and expended $6,057.71 in attorney's fees and costs. Travelers then brought this action against USAA in the court below, claiming $101,057.71 for its fees and costs expended and for recovery of its contribution to the Duncan settlement, with interest.

By letter opinion, based on the stipulations, the trial court ruled that USAA's livery exclusion was inapplicable and that the Travelers policy was excess coverage, to be called upon only after exhaustion of USAA's primary coverage. The court ruled that USAA should have been solely responsible for the defense of the claim and should have paid the entire settlement. The court entered a final order on September 25, 1989, awarding Travelers a judgment against USAA in the amount claimed, with interest from the 1985 date of the Duncan settlement. We awarded USAA an appeal limited to the issue of excess coverage.

USAA argues that frequent holdings to the effect that insurance on a vehicle involved in an accident is primary, while other insurance covering the driver is secondary, are premised upon circumstances, unlike the present case, in which two competing policies contain similar, mutually repugnant provisions, each seeking to establish itself as secondary to the other policy. Travelers relies particularly upon *USAA* v. *Russom*, 241 F.2d 296, 302 n.11 (5th Cir. 1957), where the foregoing hierarchy of coverage is characterized as a general rule.

■ It is unnecessary, however, to recur to general principles of insurance law in the present case. Where the contractual provisions adopted by the parties are lawful and are not in conflict, they regulate the parties' respective rights and duties. Where such

policy provisions can be read together, we will not go beyond them. We will, instead, rely upon the policy provisions alone to determine which policy affords primary coverage and which is entitled to the protected position of an excess insurer. *State Farm v. USAA*, 211 Va. 133, 138, 176 S.E.2d 327, 331 (1970). We therefore turn to the language of the policies involved here.

Travelers relies on a clause in its policy which reads as follows: "This insurance does not apply to the owner of a non-owned automobile or any agent or employee of such owner and shall be excess over any other valid and collectible insurance available to the Named Insured." (Emphasis deleted.) The question to be decided, then, is the availability of coverage to Tidewater while Tidewater's employee was driving his fiancee's father's "beetle" in the course of his employment. Because David Lewis was neither the owner of the "beetle" nor the agent or employee of its owner, the first part of the quoted sentence is inapplicable. We therefore focus upon the final clause, which provides that Travelers' coverage is excess over "any other valid and collectible insurance available to the Named Insured."

The named insured in the Travelers policy is Tidewater Pizza, Inc. If USAA's coverage was, in the circumstances of the case, "available" to Tidewater, then the trial court correctly ruled that the Travelers policy is excess coverage over the USAA policy. If, on the other hand, the USAA coverage was not "available" to Tidewater, then USAA is still a primary insurer because of its direct coverage of the vehicle involved in the accident, but Travelers is also a primary co-insurer under its agreement to cover a non-owned private passenger automobile used in Tidewater's business by "any person other than the Named Insured." In the latter event, USAA's contention that the duty of co-primary insurers is to prorate the costs of defense and settlement in proportion to their respective policy limits is correct because of similar "other insurance" clauses contained in both policies.

In order to decide whether USAA's policy was "available" to Tidewater, so as to trigger the "excess insurance" provision in the Travelers policy, we must examine the pertinent insuring clauses in the USAA policy. That policy provides, with respect to an "owned automobile" (Mr. Laine's "beetle" was so described on the declarations page) that the following are "Persons Insured":

(1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named insured, provided his actual operation . . . is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under . . . (1) or (2) above . . . .

 The stipulation states only that Lewis was operating the "beetle" with the permission of his fiancee, rather than that of her father, who was the named insured. Later in the stipulation, however, the parties jointly describe Lewis as "a permissive user of the vehicle owned by Laine." Further, USAA concedes on appeal, as it did below, that its policy provides primary coverage to Lewis. We therefore need not decide whether permission granted by Mary Jeannine Laine was tantamount to permission granted by the named insured. *Cf. Va. Farm Bureau Ins.* v. *APCO*, 228 Va. 72, 77, 321 S.E.2d 84, 87 (1984) (where named insured leaves vehicle with another for general use, that user may permit its use by third person, who will be deemed to have permission from named insured). USAA's concession of primary coverage therefore brings Lewis within the definition of an "insured" under subparagraph (2), quoted above.

 It follows that Tidewater is an "other person or organization" covered with respect to "its liability because of acts or omissions of an insured under . . . (2) above," as provided in subparagraph (3) of the USAA policy. Because Tidewater is an "insured" under the express provisions of the USAA policy, that policy was "available" to Tidewater within the meaning of the express provisions of the Travelers policy. Therefore, the USAA policy activates the "excess insurance" clause in the Travelers policy which, as noted above, provides that the Travelers coverage shall be excess over any other valid and collectible insurance which is available to Tidewater.

 Put another way, Travelers was bound by its contract with Tidewater to provide coverage only after any other insurance, available to Tidewater in the circumstances, was exhausted. USAA was bound by its contract with Mr. Laine to furnish coverage to Tidewater which, in these circumstances, would not be exhausted because the entire Duncan settlement was within USAA's policy limits. Therefore, USAA, as the sole primary carrier, should have borne all costs of defense and settlement of that case

and Travelers is entitled to indemnification for its entire expenditure. The trial court correctly analyzed the two policies and we will affirm its judgment.

*Affirmed.*