## CIRCUIT COURT OF NELSON COUNTY

Erie Ins. Co.

v.

John Wayne Goines et al.

January 21, 2004

Case No. CL02-0198

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion for partial summary judgment filed by Erie Insurance Company. I find that the uninsured motorist coverage under the Harleysville Insurance ("Harleysville") policy affords uninsured motorist coverage to John Wayne Goines.

I further find that the Harleysville policy is primary to all other applicable uninsured motorist coverages that may be available to John Wayne Goines.

John Wayne Goines was injured in an automobile accident occurring on June 17, 2001. John Wayne Goines was a passenger in a motor vehicle operated by Travis Wade Stevens. The vehicle was owned by R. S. Boyers Heating & Air Conditioning, Inc. Harleysville issued a commercial automobile insurance policy to Boyers that was in effect on the date of the accident. The parties have agreed, solely for the purposes of this motion for partial summary judgment, that Stevens was not entitled to liability coverage under the Harleysville policy because he was not a permissive user of the vehicle at the time of the accident.

The primary issues are whether Goines is entitled to uninsured motorist coverage under the express terms of the Harleysville policy or because Va. Code § 38.2-2206 mandates that Harleysville extend to Goines coverage for this accident. I will discuss coverage pursuant to the express terms of the Harleysville policy first.

Paragraph D.2. furnishes insurance coverage to "anyone else occupying a covered vehicle."

Paragraph A.6. defines a "coverage auto" as "a motor vehicle . . . with respect to which bodily injury or property damage coverage of the policy applies."

Goines clearly occupied the vehicle because he was in the vehicle. (Policy paragraph A.11.) Further, he was in an uninsured vehicle because Harleysville denied coverage. (Policy paragraph 14.a.) Thus, the primary issue is whether the motor vehicle owned by Boyers was a covered auto to which the bodily injury or property damage liability coverage of the Harleysville policy applied. Under the terms of the policy, this was not a vehicle to which the liability coverage of the policy applied.

The bodily injury and property damage liability coverage provisions are found under Part IV of the policy. Part IV(D) of the policy provides that anyone is an insured who uses a covered auto with permission. As noted above, for purposes of this motion, Travis Stevens did not use the automobile with permission. Therefore, the bodily injury and property damage coverage of the policy does not apply. Because it does not apply, the uninsured motorist endorsement does not afford coverage to Goines.

Uninsured motorist coverage, however, is afforded pursuant to Va. Code § 38.2-2206. Va. Code § 38.2-2206(B) defines an insured for purposes for uninsured motorist coverage as "a guest in the motor vehicle to which the policy applies. . . ." In the instant case, the policy applies to the vehicle in which Goines was riding and Travis Stevens was operating. In particular, Item 4 to the attachments to the policy issued by Harleysville indicates that the 1998 GMC Van in which Goines was riding was a vehicle to which the Harleysville policy applies. Even though the bodily injury and property damage liability coverage under the terms of the Harleysville policy are not in effect (as discussed above), for purposes of Va. Code § 38.2-2006, the policy applies to the vehicle in which Goines was riding at the time he was injured.

Under the established law of Virginia, the uninsured motorist statute will prevail over the terms of an automobile insurance policy where the policy provides less uninsured motorist coverage than required by the statutory framework. *Nationwide Mut. Ins. Co. v. Hill*, 247 Va. 78, 84, 439 S.E.2d 335 (1994). Accordingly, Harleysville must afford uninsured motorist coverage to Goines.

The uninsured motorist coverage furnished to Goines under the Harleysville policy is primary to all other applicable uninsured motorist policies which may be available to Goines. The coverage on the vehicle involved in the accident is primary to all other coverage. *State Farm Mut. Auto. Ins. Co. v. United Servs. Auto. Ass'n*, 211 Va. 133, 138, 176 S.E.2d 327 (1970).

Partial summary judgment is granted to Erie Insurance Company in accordance with its motion.