NATIONAL LIABILITY INSURANCE COMPANY, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant.

Case No.: 1:17–cv–00420–GBL–TCB

United States District Court, E.D. Virginia, Alexandria Division.

Signed 07/20/2017

518

Christopher Alan Abel, Willcox & Savage PC, Norfolk, VA, for Plaintiff

Dawn Elizabeth Boyce, Bancroft McGavin Horvath & Judkins PC, Fairfax, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

Gerald Bruce Lee, United States District Judge

THIS MATTER is before the Court on Defendant State Farm and Casualty Insurance Company's ("State Farm") Motion for Judgment on the Pleadings (Dkt. No. 7), and Plaintiff National Liability and Fire Insurance's ("National Liability") Cross–Motion for Judgment on the Pleadings (Dkt. No. 11). This case concerns a maritime insurance coverage dispute between two insurance carriers as to primary coverage responsibility for a common insured's covered loss.

There are two issues before the Court. The first issue is whether National Liability's excess "Other Insurance" clause is valid under Virginia Code § 38.2–2204(a)(e) ("The Omnibus Statute"), which would permit National Liability to provide only excess coverage once State Farm's coverage limits are exhausted. The second issue is whether National Liability's "Other Insurance" clause excuses National Liability from primary insurance and defense coverage obligations on a *pro rata* basis with State Farm with respect to two personal injury claims arising from a boating incident.

The Court holds that National Liability does not share primary insurance and defense coverage responsibilities with State Farm because its excess "Other Insurance" clause is valid under Virginia's Omnibus Statute, and because dissimilar "Other Insurance" clauses are reconcilable. Accordingly, the Court GRANTS National Liability's Cross–Motion for Judgment on the Pleadings and DENIES State Farm's Motion for Judgment on the Pleadings because in cases with competing excess and pro rata clauses, the *pro rata* clause generally provides primary coverage.

## I. BACKGROUND

On August 7, 2016, an accident occurred on the Potomac River involving a 2003 26–foot Sea Ray 245 Weekender (the "Vessel") owned and operated by Dmitry Bocharnikov ("Insured"). (Dkt. No. 1 at ¶¶ 2, 5, 11). Two passengers aboard Bocharnikov's watercraft sustained injuries and made two personal injury claims against Bocharnikov. (*Id.* at ¶¶ 2, 17).

Both the National Liability policy and the State Farm policy provided insurance for the Insured's Vessel. (*Id.* at ¶ 2). Bocharnikov's National Liability and State Farm policies provided coverage from June 9, 2016 to June 9, 2017. (*Id.* at ¶¶ 9, 10). Both policies insured the Vessel for protection and indemnity and for medical payments. (*Id.* at ¶ 12). "The National Liability Policy provided the Insured and the Vessel coverage up to $100,000.00 under its Boating Liability (protection and indemnity) section." (*Id.* at ¶ 13). "The State Farm Policy provided the Insured and the Vessel protection and indemnity coverage up to $300,000.00 under its Watercraft Liability coverage and up to $2,000.00, per person, under its Watercraft Medical Payment Section." (*Id.* at ¶ 15). Within National Liability's General Conditions, its "Other Insurance" section provides:

> If there is any other available insurance that would apply in the absence of this policy, this insurance shall apply as excess over the other insurance, unless such other insurance also provides that it will respond on an excess basis in the event of other insurance, in which case this insurance will respond on a pro-rata basis, but the combined amount shall not exceed the limits of the policy for any loss under Coverage A—Boat and Boating Equipment or Coverage E—Boat Trailer.

(Dkt. No. 1 at ¶ 14; Dkt. No. 4 at ¶ 14). The State Farm Policy provides:

> If a loss covered by this policy is also covered by other insurance, we will use this formula to determine our payment: a. divide the applicable coverage limit of this policy by the total amount of insurance covering the loss; b. multiply the result by the amount of the loss; c. the answer is our amount of payment....

(Dkt. No. 1 at ¶ 16; Dkt. No. 4 at ¶ 16).

While each policy contains a different "Other Insurance" clause, National Liability argues that State Farm's *pro rata* provision is invalid, thus indicating that State Farm shoulders the responsibility as the sole primary insurer for coverage and defense obligations for personal injury claims arising out of the boating incident. (Dkt. No. 1 at ¶ 18). Additionally, National Liability asserts that it only provides excess coverage for injury claims arising out of the boating incident once State Farm exhausts its $300,000.00 coverage limit. *Id.* Meanwhile, State Farm asserts that it shares the primary defense and indemnity obligation with National Liability to the Insured on a *pro rata* basis until the combined coverage limits of both policies exhaust. (Dkt. No. 1 at ¶ 21; Dkt. No. 4 at ¶ 3).

After National Liability filed its Complaint, State Farm requested in its Answer for the Court to declare that National Liability's "Other Insurance" clause is void, that the two carriers "share the primary insurance and defense coverage obligations to the Insured for claims arising out of the incident on a *pro rata* basis, and that National Liability has liability coverage limits of $100,000.00 per person per accident and $300,000.00 aggregate per accident, and $5,000.00 in medical expense coverage per accident." (Dkt. No. 4 at ¶ 24).[1]

---

1.  In its Answer, State Farm asserted that National Liability has liability coverage limits of $100,000.00 per person per accident, but in

Dkt. No. 7 and Dkt. No. 17, State Farm declared that National Liability has liability cov-

On April 6, 2017, National Liability filed a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201. On May 3, 2017, State Farm filed a Motion for Judgment on the Pleadings. (Dkt. No. 7). On May 9, 2017, National Liability filed an opposition and Cross–Motion for Judgment on the Pleadings. (Dkt. No. 11).

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides for a motion for judgment on the pleadings "after the pleadings are closed— but early enough not to delay trial." FED. R. CIV. P. 12(c). The standard of review for a 12(c) motion depends on the type of relief a party seeks. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). When parties seek a judgment on the merits of a case and move to show that there are no triable issues of fact, the standard for a Rule 12(c) motion on the pleadings is the same standard courts apply for summary judgment motions. *Geoghegan v. Grant*, No. DKC 10-1137, 2011 WL 673779, at *3 (D. Md. Feb. 17, 2011). This standard is "more appropriate where the moving party seeks affirmative relief on the basis of the pleadings and not merely a dismissal of claims brought against it." *Id.* Parties can use motions on the pleadings "to obtain declaratory judgments where the parties' only dispute is the proper interpretation of contractual terms." *Id.*

The Court must grant a Rule 56 motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Additionally, "the requirement is that there be no *genuine* issue of *material* fact," with a "material fact" being one that "might affect the out-

come of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (citations omitted).

Because the parties filed cross-motions for judgment on the pleadings, the Court considers "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Def't. of Wildlife v. N. Carolina Dep't of Transp.*, 762 F.3d 374, 392–93 (4th Cir. 2014) (citation and internal quotation marks omitted).

### B. Choice of Law

■ In this admiralty law jurisdiction case, the Court must apply Virginia law because state law governs cases involving maritime insurance coverage disputes. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321, 75 S.Ct. 368, 99 L.Ed. 337 (1955) ("We, like Congress, leave the regulation of marine insurance where it has been-with the States."). Additionally, according to Virginia case law, courts must resolve issues on the validity, effect, and interpretation of a contract based off of "the law of the state where the contract was made." *Seabulk. Offshore, Ltd. v. Am. Home Assurance Co.*, 377 F.3d 408, 419 (4th Cir. 2004) (citing *Woodson v. Celina Mut. Ins. Co.*, 211 Va. 423, 177 S.E.2d 610, 613 (1970)). Under Virginia law, "a contract is made when the last act to complete it is performed, and in the context of an insurance policy, the last act is delivery of the policy to the insured." 377 F.3d at 419 (citing *Metcalfe Bros., Inc. v. Am. Mut. Liab. Ins. Co.*, 484 F.Supp. 826, 829 (W.D. Va. 1980)).

Thus, this Court applies Virginia Code § 38.2–2204 ("the Omnibus Statute") because both State Farm and National Liability's coverage applied to Virginia resi-

---

erage limits of $1,000,000.00 per person per accident.

dent, Dmitry Bocharnikov, for his private watercraft, and the contracts were executed in Virginia. Virginia Code § 38.2–2204 provides, in part:

> (a) *No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor vehicle, aircraft, or private pleasure watercraft, shall be issued or delivered in this Commonwealth to the owner of such* vehicle, aircraft or watercraft, *or shall be issued or delivered by any insurer licensed in this Commonwealth* upon any motor vehicle, aircraft, or private pleasure watercraft that is principally garaged, docked, or used in this Commonwealth, *unless the policy contains a provision insuring the named insured, and any other person using or responsible for the use of the motor vehicle, aircraft, or private pleasure watercraft with the expressed or implied consent of the named insured, against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle, aircraft, or watercraft by the named insured or by any such person;* however, nothing contained in this section shall be deemed to prohibit an insurer from limiting its liability under any one policy for bodily injury or property damage resulting from any one accident or occurrence to the liability limits for such coverage set forth in the policy for any such accident or occurrence or for any one person, regardless of the number of insureds under that policy. Provided that, when one accident or occurrence involves more than one defendant who is covered by the policy, the plaintiff may recover

the per person limit of the policy against each such defendant, subject to the per accident or occurrence limit of the policy
> . . .

> (e) Any endorsement, provision or rider attached to or included in any such policy of insurance which purports or seeks to limit or reduce the coverage afforded by the provisions required by this section shall be void. . . .

Va. Code § 38.2–2204(a), (e) (2017).

The Omnibus Statute aims to expand insurance coverage and void any provisions within an insurance policy that would directly violate the statute's plain language through restricting coverage. *See generally Southside Distrib. Co. v. Travelers Indem. Co.*, 213 Va. 38, 189 S.E.2d 681, 683 (1972); *Gordon v. Liberty Mut. Ins. Co.*, 675 F.Supp. 321, 324 (E.D. Va. 1987).

## C.  Analysis

The Court holds that National Liability does not share primary insurance and defense coverage responsibilities with State Farm because (1) the Omnibus Statute does not invalidate National Liability's excess "Other Insurance" clause, and (2) jurisprudence demonstrates that courts can reconcile dissimilar "Other Insurance" clauses.

### 1.  Valid excess "Other Insurance" clause under Omnibus Statute

The Court holds that National Liability's excess "Other Insurance" clause is not void under Virginia law because the clause is not an escape clause provision that purports to limit or reduce its obligations to insured parties.

An excess "Other Insurance" provision that does not seek to limit or preclude liability is valid under Virginia law.[2]

---

2.  *See State Farm Mut. Auto. Ins. Co. v. United Services Auto. Ass'n*, 211 Va. 133, 176 S.E.2d 327, 331 (1970) (holding that the insurer's

excess clause policy was not void because it "does not affect an insured's right to recover

■ An escape clause allows an insurance company "to escape all or a portion of its liability to the insured, thus depriving the insured of coverage to which he was legally entitled." *State Farm Mut. Auto. Ins. Co. v. UnitedServices Auto. Ass'n,* 211 Va. 133, 176 S.E.2d 327, 331 (Va. 1970).[3] In *Hardware Mutual Casualty Co. v. Celina Mutual Insurance Co.*, the court examined Hardware Mutual's clause within its garage liability policy, which declared that it would provide coverage for a person "only if no other valid and collectible automobile liability insurance, either primary or excess ... is available to such person." 209 Va. 60, 161 S.E.2d 680, 682 (1968) (holding that Hardware Mutual's garage liability policy provided primary coverage to injured parties because Virginia Code § 38.1–381(a) voided its escape clause).[4] Hardware Mutual sought to escape liability by asserting that it would only provide coverage in circumstances where individuals lacked "other valid and collectible" insurance. *Id.* Similarly, the court in *Bryant v. State Farm Mutual Automobile Insurance Co.* voided State Farm's "Other Insurance" clause because it found that it was invalid under Virginia Code § 38.1–381. 205 Va. 897,140 S.E.2d 817, 818, 820–21 (1965) (holding that the insured could recover on two different bodily injury liability insurance "pursuant to the uninsured motorist statute" despite State Farm's "Other Insurance" clause).[5] In *Bryant,* State Farm's "Other Insurance" clause provided:

> With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of all such other insurance.

*Id.* at 818.

National Liability's "Other Insurance" clause is not an escape clause because it does not seek to circumvent its portion of liability to the Insured.[6] National Liability's "Other Insurance" clause provides:

> If there is any other available insurance that would apply in the absence of this policy, this insurance shall apply as excess over the other insurance, unless such other insurance also provides that it will respond on an excess basis in the event of other insurance, in which case

---

under the uninsured motorist statute ... [t]he excess coverage clause does not conflict with [the uninsured motorist statute's] requirement, but only requires the exhaustion of the primary coverage....").

**3.** *See also State Farm Fire and Cas. Co. v. Scott,* 236 Va. 116, 372 S.E.2d 383, 387 (1988) (characterizing escape clauses as policies that "escape both its duty to defend and its liability").

**4.** Virginia Code § 38.1–381 declared: "[n]o policy of bodily injury liability insurance shall be issued or delivered ... to the owner of a motor vehicle unless it contains a provision insuring the named insured and other described persons against liability for death or injury caused by negligence in the operation

of such vehicle...." *Bryant v. State Farm Mut. Auto Ins. Co.*, 205 Va. 897, 140 S.E.2d 817, 818 (1965) (citing Va. Code § 38.1–381).

**5.** Superseded by statute in *Erie Insurance Exchange v. Horton*, No. 1856, 1990 WL 10030530, at *2 (Va. Cir. Sept. 13, 1990) (holding that statute pertaining to uninsured motorist coverage required stacking).

**6.** In its Cross–Motion for Judgment on the Pleadings, National Liability noted that Mr. Bocharnikov will receive the benefit of National Liability and State Farm's combined coverage limit policies regardless of how the two policies "share their respective obligations to him." (Dkt. No. 11). Thus, National Liability asserts that its excess clause does not seek to limit or reduce the Insured's coverage.

this insurance will respond on a pro-rata basis, but the combined amount shall not exceed the limits of the policy....

(Dkt. No. 1 at ¶ 14; Dkt. No. 4, at ¶ 14).

National Liability is not asserting that they provide only excess coverage to individuals. Rather, it proclaims that it will provide excess coverage in the circumstances where the insured has other valid insurance that would apply. National Liability's "Other Insurance" clause indicates that it would provide excess coverage to an insured if the insured does not have any other available insurance that would apply in the absence of the National Liability policy. Conversely, the court in *Bryant* held that State Farm's "Other Insurance" clause was an escape clause and thus void under Virginia law because the policy declared that it would apply "only as excess insurance over any other similar insurance available ... and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of all such other insurance." 140 S.E.2d at 818, 820. This provision asserted that it would provide only excess insurance coverage to insured policyholders and that its coverage would become available in circumstances where its limit of liability exceeded the limits "of all such other insurance." *Id.* Similarly, National Liability's "Other Insurance" clause differs from the escape clause at issue in *Hardware Mutual Casualty Co. v. Celina Mutual Insurance Co.* because that clause issued only coverage in the event that an insured lacked any other means of "valid and collectible" insurance. *Hardware Mut.*, 161 S.E.2d at 682.

National Liability's "Other Insurance" provision is an excess clause because it provides coverage once another policy's

coverage limits are exhausted. *See United Services Auto. Ass'n v. Travelers Indem. Co.*, 240 Va. 214, 396 S.E.2d 658, 658 (1990) (noting that excess insurance becomes "available only after the coverage provided by the other [insurance carrier], which is admittedly 'primary insurance,' has been exhausted").[7] In the present case, National Liability's "Other Insurance" clause provides coverage once "the other available insurance that would apply in the absence of this policy" exhausts its coverage limits. (Dkt. No. 1, at ¶ 14; Dkt. No. 4, at ¶ 14). Accordingly, if the claims against Bocharnikov's coverage exceeded State Farm's policy limits, National Liability's "Other Insurance" provision would require it to pay the excess costs.

The Omnibus Statute voids escape clauses because they seek to reduce or circumvent the insurer carrier's liability. In *American Motorists Insurance Co. v. Kaplan*, the Supreme Court of Appeals of Virginia declared American Motorists' escape clause void under Virginia statute § 38.1–381, and deemed it the primary insurer because it sought to provide coverage only to permissive users of vehicles who had "no other valid and collectible automobile liability insurance, either primary or excess." 209 Va. 53, 161 S.E.2d 675, 677, 679 (1968). While this provision denied any protection to a permissive user who had "other valid and collectible" insurance, National Liability's "Other Insurance" provision offers to provide excess coverage once an insured's other insurance coverage limits are exhausted, and National Liability does not seek to deny individuals coverage. *Id.* at 679. Similarly, in *Hardware Mutual Casualty Co. v. General Accident Fire & Life Assurance Corp.*, Hardware Mutual admitted that its "Other

---

7. *See also State Farm Mut. Auto. Ins. Co. v. United Services Auto. Ass'n.*, 211 Va. 133, 176 S.E.2d 327, 331 (1970) (defining an excess coverage clause as one that "only requires the exhaustion of the primary coverage").

Insurance" provisions were invalid because they conflicted with the Omnibus Statute's language prohibiting the reduction or "limit of liability available by any amount representing 'other insurance.'" 212 Va. 780, 188 S.E.2d 218, 221 (1972). In both *Hardware Mutual* and *American Motorists*, the courts voided the escape clauses and held that the excess clauses were valid. 161 S.E.2d at 682; 161 S.E.2d at 679. Thus, the Court holds that National Liability's "Other Insurance" clause is valid because it is an excess clause and not an escape clause.

### 2. Courts can reconcile dissimilar insurance clauses

■ The Court holds that National Liability and State Farm do not share the responsibility of being co-primary insurers on a *pro rata* basis.

■ When two dissimilar "Other Insurance" clauses are not mutually repugnant, a court can reconcile the two provisions to determine which policy bears the responsibility of primary coverage. *Med. Protective Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 25 Fed.Appx. 145, 147 (4th Cir. 2002) (citing *Jones v. Medox, Inc.*, 430 A.2d 488, 489, 491–93 (D.C. 1981) (en banc)).

When evaluating how insurance carriers should apportion coverage when conflicting "Other Insurance" clauses exist, the weight of authority indicates that they can reconcile two dissimilar clauses.[8] In *Medical Protective Co. v. National Union Fire Insurance Co. of Pittsburgh, Pennsylvania*, the Fourth Circuit resolved a dispute over the effect of dissimilar insurance clauses and held that National Union's excess clause provided secondary coverage to St. Paul's policy, which contained a *pro rata* clause that provided primary coverage. *Id.* at 147. The Fourth Circuit relied on the Virginia Supreme Court's previous ruling in *GEICO v. Universal Underwriters Insurance Co.*, where the court decided "which of two competing uninsured motorist policies provided primary coverage" and "declined to follow cases concluding that dissimilar 'other insurance' clauses are mutually repugnant." *Medical Protective Co.*, 25 Fed.Appx. 145 at 147 (citing *GEICO v. Universal Underwriters Ins. Co.*, 232 Va. 326, 350 S.E.2d 612, 614–16 (1986)).[9] Additionally, when comparing dissimilar "Other Insurance" clauses, the court in *United Services Automobile Ass'n v. Travelers Indemnity Co.* opined, "[w]here such policy provisions can be read together, we will not go beyond them. We will, instead, rely upon the policy provisions alone to determine which policy affords primary coverage and which is entitled to the protected position of an excess insurer." 396 S.E.2d at 660.

■ Here, it is proper for the Court to reconcile National Liability and State Farm's conflicting "Other Insurance"

---

8. *See Med. Protective Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 25 Fed. Appx. 145, 147 (4th Cir. 2002) (citing *Jones v. Medox, Inc.*, 430 A.2d 488, 489, 491–93 (D.C. 1981)) (declaring that the majority view reconciles "the pro rata clause and the excess clause by interpreting the policy containing the excess clause as secondary coverage," and identifying the minority view as the Lamb–Weston rule, which "abandon[s] all attempts to discern the intent of the contracting parties where there are dissimilar 'other insurance' clauses and take[s] the position that all 'other insurance' clauses, regardless of their nature, are mutually repugnant, requiring proration of liability).

9. Superseded by statute in *Bonner v. Watkins* because it dealt with the repealed statute § 38.1–381, and the new statute, Virginia Code § 38.2–2205 provides that it "shall apply whether such repair or service is performed by the owner of the vehicle being loaned or leased or by some other person or business." No. HK-1563-3, 2000 WL 38002 (Va. Cir. Jan. 12, 2000) (citing Va. Code § 38.2–2205).

clauses to declare which policy provides the primary coverage for the Insured. As the Supreme Court of Virginia declared in *United Services Automobile Ass'n. v. Travelers Indemnity Co.*, the Court must look directly at each insurance carrier's "Other Insurance" provision to determine liability obligations. State Farm's *pro rata* "Other Insurance" clause states "[i]f a loss covered by this policy is also covered by another insurance, we will use this formula to determine our payment." (Dkt. No. 4 at ¶ 16). National Liability's excess "Other Insurance" clause declares, "if there is any other available insurance that would apply in the absence of this policy, this insurance shall apply as excess over the other insurance." (Dkt. No. 1 at ¶ 14). Per the majority rule, "a reference to other valid and collectible insurance is construed as a reference to other primary insurance." *Med. Protective Co.*, 25 Fed.Appx. at 148 (citing *Jones*, 430 A.2d at 491). National Liability's mention of "any other available insurance" refers to a form of "valid and collectible insurance," which, according to *Med. Protective*, should be "construed as a reference to other primary insurance." *Id.* Conversely, State Farm's "Other Insurance" clause does not indicate the possible existence of a different primary insurer. Instead, it declares that in the case where a loss is covered by an additional insurer, State Farm will activate its *pro rata* clause to calculate its coverage amount.[10]

Additionally, the court in *Med. Protective Co.* asserted that in disputes between *pro rata* and excess clauses, courts applying the majority rule in reconciling the two policies had generally held that the excess clause provided secondary coverage while the *pro rata* clause provided primary coverage. 25 Fed.Appx. at 147. Thus, according to the majority rule, National Liability's policy would be secondary on an excess coverage basis while State Farm's policy would be primary on a *pro rata* basis. *See Early Settlers Ins. Co. v. Selected Risks Ins. Co.*, 346 F.Supp. 1272, 1277 (E.D. Va. 1972) (holding in a case where a fire damaged a building that, "where two policies afford coverage on a particular loss, and one contains a pro rata clause as to other insurance and the other policy contains an excess clause, the policy containing the excess clause does not provide any coverage until the other policy is exhausted").

In cases where insurance carriers contain similar "Other Insurance" clauses, courts have ruled that the clauses are mutually repugnant because they cancel each other out, and have thus ruled them to be void. National Liability and State Farm's "Other Insurance" clauses are not mutually repugnant because they are not similar policies. In *Nationwide Mutual Fire Insurance Co. v. Erie Insurance Exchange*, the court determined that both excess insurance clauses in question were "virtually identical in effect ... irreconcilable and mutually repugnant," and thus ordered for a *pro rata* distribution of the insurance coverage. 293 Va. 331, 798 S.E.2d 170, 176 (2017). Similarly, in *Aetna Casualty & Surety Co. v. National Union Fire Insurance Co.*, the court held the two *pro rata* insurances clauses in question to be "virtually identical in effect, irreconcilable, and mutually repugnant." 233 Va. 49, 353 S.E.2d 894, 897 (1987). This is distinguishable from the case before the Court today because National Liability and State Farm

---

**10.** Similarly, when resolving the conflicting "Other Insurance" clauses in *Jones v. Medox*, the court interpreted the insurance carrier's *pro rata* clause as one that asserted that it would "pay the claim in any event, subject to any applicable pro rata contribution," and that it did not "foresee the possibility that another insurance policy should constitute only excess coverage...." 430 A.2d at 494.

do not have identical "Other Insurance" clauses.

Moreover, in *State Capital Insurance Co. v. Mutual Assurance Society*, the court held that the two excess insurances clauses for coverage on a watercraft were "of identical effect," and ruled:

> [T]he two clauses operate mutually to reduce or eliminate the amount of valid and otherwise collectible insurance available to the insured from both policies. The two excess insurance clauses, therefore, are in irreconcilable conflict with one another ... both must be disregarded, with the result that neither policy provides primary coverage for the loss in question.

218 Va. 815, 241 S.E.2d 759, 762 (1978).

The two clauses operated as escape clauses, and therefore, the court affirmed the trial court's ruling—which ordered a *pro rata* distribution between the two carriers.[11] Conversely, the aforementioned cases differ from National Liability and State Farm's "Other Insurance" clauses because State Farm and National Liability do not have similar policies. State Farm presents a *pro rata* "Other Insurance" clause while National Liability's "Other Insurance" clause provides excess coverage. Thus, although State Farm asserts that National Liability's excess clause is void, the two clauses are not mutually repugnant, and accordingly, they do not share primary coverage obligations on a *pro rata* basis. Furthermore, National Liability's "Other Insurance" clause states that the excess coverage policy will trigger "unless such other insurance also provides that it will respond on an excess basis ... in which case this insurance will respond on a pro-rata basis." (Dkt. No. 1, at ¶ 4; Dkt.

No. 4, at ¶ 14). National Liability's clause identifies the potential for similar or identical "Other Insurance" provisions. However, in the absence of such similar provision, National Liability explicitly declares that it would provide coverage in excess over other available insurance.

In its motion, State Farm referred to *Continental Insurance Co. v. State Farm Fire & Casualty Co.* to present a case where the Supreme Court of Virginia did not find two excess "Other Insurance" clauses to be mutually repugnant. Continental argued that since both it and State Farm had excess insurance clauses, the Omnibus Statute invalidated the two provisions and thus required both carriers to contribute equally to the settlement for an action involving a yacht accident. 238 Va. 209, 380 S.E.2d 661, 662 (1989). However, the court did not find the provisions to be mutually repugnant because it held that only Continental's yacht policy, and not State Farm's homeowner's policy, was subject to the Omnibus Statute. *Id.* at 662–63. Whereas Continental's insurance provided coverage in excess over other insurance for "protection and indemnity for boating liability" for the boat owner and permissive users, State Farm's policy "was one issued to a homeowner; it was not one 'issued ... to the owner of ... watercraft.'" *Id.* (citing Va. Code § 38.2–2204(a)). Thus, the Omnibus Statute did not apply to State Farm's policy because it primarily covered homeowners and not watercraft owners. Additionally, it appears that the Continental policy only provided excess coverage, and it did not provide liability coverage. The Omnibus Statute requires liability coverage, and the court held that Continental's excess insurance

11. Moreover, in *Reliance Insurance Co. v. St. Paul Surplus Lines Insurance Co.*, both insurance carriers conceded that their excess clauses were mutually repugnant, and the court noted that there was "no issue as to who [was] the primary insurer ... both act as primary insurers thereby making each responsible for the loss." 753 F.2d 1288, 1290 (4th Cir. 1985).

was void under the Omnibus Statute because it sought to limit its coverage when it was the sole primary insurer. *Id.* This differs from the present case because both National Liability and State Farm provided liability coverage for the Insured as a watercraft owner.

The Court holds that National Liability and State Farm's "Other Insurance" clauses are not mutually repugnant because they contain dissimilar provisions, which the Court can reconcile. Thus, National Liability's excess "Other Insurance" clause is valid. *See Med. Protective Co.*, 25 Fed. Appx. at 147 (citing *Jones*, 430 A.2d at 491–93); *Early Settlers Ins. Co.*, 346 F.Supp. at 1277. Accordingly, the Court grants National Liability's Cross–Motion for Judgment on the Pleadings, and denies State Farm's Motion for Judgment on the Pleadings.

## III. CONCLUSION

The Court holds that Plaintiff's "Other Insurance" clause is not void as a matter of law and thus does not share primary insurance defense and coverage with State Farm on a *pro rata* basis. The Court further holds that State Farm is directed to provide primary liability coverage, and that National Liability shall be liable for excess coverage, including all costs or liability coverage beyond State Farm's policy limits. Accordingly, it is hereby

**ORDERED** that Plaintiff National Liability Insurance Company's Cross–Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant State Farm Fire and Casualty Insurance Company's Motion for Judgment on the Pleadings (Dkt. No. 7) is **DENIED**.

**IT IS SO ORDERED.**